■    Lizza Industries, Inc., et al., Respondents, v Hodge & Hammond, Inc., Respondent, and Baldwin-Lima-Hamilton Corporation, Appellant.—In an action to recover damages for breach of contract, defendant Baldwin-Lima-Hamilton Corporation (BLH) appeals from so much of a judgment of the Supreme Court, Nassau County, entered September 9, 1975, after a jury trial, as amended by an order of the same court, dated December 11, 1975, as (1) is in favor of plaintiffs and against it and (2) dismissed its cross claim and amended cross claim asserted against defendant Hodge & Hammond, Inc. (H & H). Judgment as amended, insofar as it is in favor of plaintiffs and against appellant, affirmed, with one bill of costs. Judgment as amended, otherwise modified, on the law and the facts, by deleting therefrom the provisions dismissing the cross claim and amended cross claim asserted by appellant against H & H, and the said claims are severed. As so modified, judgment affirmed insofar as appealed from, and new trial granted as between appellant and H & H on the appellant's cross claim and amended cross claim, with costs to abide the event. Plaintiffs were not entitled to a recovery against BLH on the theory that it was the seller, either alone, or jointly with H & H (see St. Regis Paper Co. v Hubbs & Hastings Paper Co., 235 NY 30; Badner v Fonda Container Co., 13 Misc 2d 831, affd 7 AD2d 975, affd 7 NY2d 861). However, the evidence clearly and unmistakably revealed the breach of warranties of fitness for use and merchantability, which resulted in direct and consequential damages to plaintiffs in the total amount found by the jury. The trial court should have granted plaintiffs' motion to conform the complaint to the proof so as to allege the breach of such warranties and judgment should have been entered against both H & H (as seller) and BLH (as manufacturer). However, since plaintiffs have not appealed from the dismissal of their complaint against H & H, we affirm so much of the judgment as is in favor of plaintiffs and against BLH alone, although the judgment was based upon the mistaken theory of a direct purchase by plaintiffs from BLH. Since the distributor, H & H, covenanted with BLH to extend the *limitation* of warranty to its purchaser (including, *inter alia,* nonresponsibility for consequential damages), there must be a trial on the issue of whether (as alleged by H & H) BLH had waived that requirement, and, if not waived, to determine which part of the damages

BLH would not have been liable for had H & H extended the limitation of warranty. Although the issue of waiver was presented to the jury, the charge was inadequate in that it failed to spell out the specific elements of implied waiver (based on *actual* intent to waive) and waiver by estoppel (based on *no intent* to waive, but on acts giving a false impression of waiver upon which the party relied). On this record, the finding of waiver was contrary to the weight of the evidence. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.